IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-25-00024-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Travel Club Enterprises LCC, et al., | |
| Defendants. | |

In January 2025 plaintiff Jason Crews filed his original complaint alleging he received two calls in violation of the Telephone Consumer Protection Act. Crews filed proofs of service for both defendants in March 2025. (Doc. 11, 12.) After filing those proofs of service, Crews filed an amended complaint identifying a third call Crews allegedly received from defendants. (Doc. 14.) Crews did not sign the amended complaint and there is no indication Crews served the amended complaint on defendants.

Approximately one month after filing his amended complaint, Crews applied for entry of default against defendant Travel Club Enterprises LLC, and the Clerk of Court entered that default. (Doc. 15.) Crews also attempted to apply for entry of default against defendant Alexandra Olson but submitted an application naming Travel Club, not Olson. (Doc. 17.) Olson's default has not been entered. (Doc. 18.)

Fed. R. Civ. P. 11(a) requires "[e]very pleading, written motion, and other paper must be signed" by an attorney or a party personally. That same rule requires the court "strike an unsigned paper unless the omission is promptly corrected." Fed. R. Civ. P. 11(a).

Crews did not sign his amended complaint, and he must either file a signed version of that complaint or state he does not oppose striking the amended complaint. If the amended complaint is stricken, the original complaint will be reinstated. *See Ebrahimi v. Baldwin*, No. 18-CV-01350-NJR-MAB, 2019 WL 13030003, at *2 (S.D. Ill. Dec. 13, 2019) (striking complaint and reinstating original complaint); *Aetna Life Ins. Co. v. Phillips*, 69 F.2d 901, 903 (10th Cir. 1934), *overruled on other grounds by Davis v. TXO Prod. Corp.*, 929 F.2d 1515 (10th Cir. 1991) ("Where . . . an amended or supplemental pleading is stricken from the files, the original pleading is restored.").

If Crews wishes to proceed on an amended complaint after signing it, he faces an additional complication. Fed. R. Civ. P. 5(a)(1)(B) requires a plaintiff serve "a pleading filed after the original complaint" but service is not required "on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). Crews filed his amended complaint *before* Travel Club's default was entered and Olson's default still has not been entered. If Crews cures his failure to sign the amended complaint, he must serve the amended complaint on both defendants.[1] *Arnold v. Farmers Ins. Exch.*, No. 18-CV-02982-KAW, 2018 WL 3777136, at *2 (N.D. Cal. Aug. 9, 2018) ("the fact that Plaintiff had served the first amended complaint is insufficient to support entry of default; Plaintiff must serve the operative complaint on [Defendant] before default can be entered").

Crews must decide whether he wishes to proceed on the original complaint or file a signed version of his amended complaint. If Crews wishes to proceed on an amended complaint, he must serve defendants with that complaint. If Crews elects to proceed on an amended complaint and no defendant responds to the signed amended complaint, Crews must apply for entry of default against each defendant. And if defendants' defaults are entered, Crews must file his motion for default judgment.

Accordingly,

**IT IS ORDERED** no later than **July 7, 2025**, plaintiff shall file either an amended

---

[1] A signed version of the complaint will be deemed filed as of the date of the unsigned version, *i.e.* before Travel Club's default was entered. *McGraw v. Gore*, 31 F.4th 844, 853 (4th Cir. 2022) (signed version of complaint relates back to date unsigned complaint was filed). Crews therefore must serve the amended complaint on Travel Club.

- 2 -

complaint that is signed or a statement that he does not oppose the court striking his amended complaint.

**IT IS FURTHER ORDERED** if plaintiff files an amended complaint, he must file proof he served that complaint on defendants. That proof must be filed within **three days** of the amended complaint being filed.

**IT IS FURTHER ORDERED** if Crews files an amended complaint and no defendant responds to the complaint within fourteen days of service, plaintiff shall apply for entry of default within **five days** of the expiration of defendants' response deadline and plaintiff shall apply for default judgment within **five days** of the entry of defendants' defaults.

**IT IS FURTHER ORDERED** if plaintiff does not oppose striking the amended complaint, no later than **July 7, 2025**, he shall apply for entry of default against defendant Alexandra Olson and file a motion for default judgment within **five days** of Olson's default being entered.

Dated this 30th day of June, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge