**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-25-00024-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Travel Club Enterprises LCC, et al., | |
| Defendants. | |

In January 2025, plaintiff Jason Crews filed his original complaint alleging he received two telemarketing calls from defendants. (Doc. 1 at 6.) Crews served that complaint and summonses on defendants under a method authorized by Federal Rule of Civil Procedure 4. (Doc. 11, 12.) In March 2025, Crews attempted to file an amended complaint that alleged receipt of an additional call, but he did not sign that complaint. (Doc. 14.) In April 2025, Crews applied for the entry of default against defendant Travel Club Enterprises LLC. (Doc. 15.) Crews may have intended to apply for default against defendant Alexandra Olson, but he filed a duplicate of his request regarding Travel Club Enterprises instead. (Doc. 17.) In late April 2025, the Clerk of Court entered the default of Travel Club Enterprises. (Doc. 19.)

Approximately two months later, the court issued an order informing Crews he had not signed his amended complaint. (Doc. 20.) The court gave Crews the option of either withdrawing his amended complaint or filing a signed version of that complaint. If Crews chose the latter, he was ordered to "serve defendants with [the amended] complaint." (Doc.

20 at 2.) Crews chose to file an amended complaint that included allegations regarding three telephone calls. (Doc. 22 at 6.) The court then reminded Crews he needed to "serve the amended complaint and file proofs of service on the docket." (Doc. 23.) The court also ordered Crews to seek default judgment if either defendant failed to respond to the amended complaint. Crews filed evidence he had mailed the amended complaint to defendants, meaning he did not serve the amended complaint using a method authorized by Fed. R. Civ. P. 4. (Doc. 24.) No defendant responded but contrary to the court's order, Crews did not seek entry of default.

In August 2025 the court issued another order directing Crews to prosecute his case by seeking entry of default "against each defendant" and default judgment. (Doc. 27 at 1-2.) At that time the court did not investigate whether Crews's proof of service of the amended complaint was adequate. Inexplicably, Crews applied for entry of default against only Alexandra Olson. (Doc. 28.) Olson's default was entered and Crews filed a motion for default judgment against both defendants. (Doc. 28-30.)

Crews's motion for default judgment must be denied because he has not complied with the procedural requirements regarding service. Crews properly served the original complaint under Fed. R. Civ. P. 4(e). But Crews then filed an amended complaint that included new allegations regarding a third telemarketing call. That additional call effectively added a new claim that increased the statutory damages available. Such an addition meant Crews needed to serve the amended complaint under a method authorized by Rule 4. Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *see also Victoria NYC I Inc. v. DGN Pharmacy Inc.*, No. 25-CV-975(KAM)(MMH), 2025 WL 2844431, at *10 (E.D.N.Y. Oct. 8, 2025) (requiring service under Rule 4 because "the Amended Complaint contains new factual allegations that alter the nature of the relief sought by Plaintiff in this action"). Crews's attempt to serve the amended complaint via mail on defendants located in Arizona was not sufficient.

The amended complaint was not properly served, which requires striking defendants' defaults and denying the motion for default judgment. Assuming Crews still wishes to pursue his claims, he must serve the amended complaint on each defendant by arranging for personal service by a process server. Crews must then file proof of that service. If no defendant responds to the amended complaint, Crews must reapply for entry of default regarding each defendant. And once both defaults have been entered, Crews must immediately move for default judgment. Given the history of this case and Crews's inability to comply with generally-applicable rules and specific court orders, he is given only a short period of time to properly complete service, apply for default, and seek default judgment.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 30) is **DENIED**.

**IT IS FURTHER ORDERED** the Entry of Default as to Travel Club Enterprises (Doc. 19) and the Entry of Default as to Alexandra Olson are **STRICKEN**.

**IT IS FURTHER ORDERED** no later than **January 12, 2025**, plaintiff shall file proof of service for each defendant. That proof of service must reflect service via personal service by a process server.

**IT IS FURTHER ORDERED** if neither defendant responds to the amended complaint, no later than **twenty-two days** after service of the amended complaint plaintiff shall file new applications for entry of default. Plaintiff shall file a motion for default judgment within **five days** of the defaults being entered.

Dated this 2nd day of January, 2026.

Honorable Krissa M. Lanham
United States District Judge