Jason Crews
1515 N Gilbert Rd Ste 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, | Case No.: 2:25-cv-00024-KML |
| Plaintiff, | |
| v | Plaintiff's Motion for Default Judgment |
| Travel Club Enterprises LLC, *et al.* | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Jason Crews respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a default judgment against Travel Club Enterprises LLC ("Travel Club") and Alexandra Olson ("Olson" collectively "Defendants").

## STATEMENT OF FACTS

Liability: The Plaintiff in this case, Jason Crews, received three call utilizing an Automated Telephone Dialing System ("ATDS"), First Amended Complaint ("FAC"). ¶¶ 32,  ECF No. 14, to his personal cell phone number, 602-295-XXXX, *Id.* ¶¶ 30 and 33, to which Crews did not provide prior consent. *Id.* ¶ 34. Defendants used the ATDS to advertise travel services.  *Id.* ¶25.  The caller eventually admitted that they were calling on behalf of Travel Club Enterprises LLC dba Club Travelo. *Id.* ¶ 49.  Defendants Alexandra Olson is the principle of Travel Club and directly participated in the offending conduct. *Id.* ¶¶ 70-81.

Jurisdiction: The Court has federal question subject matter jurisdiction over these TCPA claims: *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012). The venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls to Plaintiff were placed into this District. *Id.* ¶¶ 8-10.

Injury: The Plaintiff did not consent to these calls. *Id.* ¶ 34. Plaintiff found the calls invasive of his privacy, annoying, and harassing. *Id.* ¶ 112,118.

Damages: Damages for violations of the TCPA are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Crews v. Rosewood Realty, LLC*, No. CV-24-00778-PHX-DLR (D. Ariz Apr. 8, 2024), *Crews v. Tanpri Media & Arts, Inc.*, No. CV-23-01236-JTT (D. Ariz Jul. 8, 2023), *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, the Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections. However, Plaintiff alleges that:

- Three calls were placed using an Automatic Telephone Dialing System (ATDS) to a number for which the called party is charged. 47 U.S.C. § 227(b)(1)(A)(iii), *Id.* ¶ 32;

- Three calls were placed to a private residential telephone number, which was registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls. *Id.* ¶ 31 and 33.

- Defendant Olson directly participated in call by personally directing and authorizing the scripting and selecting of calls to be made, selecting, and orchestrating the calling strategy, including by choosing to use pre-recorded calls. *Id.* ¶ 63.

Therefore, Plaintiff is entitled to $9,000 for statutory violations, plus his $405 filing fee and $320 in service costs for a grand total of $9,725.

Posture: On January 6, 2025, Plaintiff filed his complaint against the Defendant, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder. ECF No. 1. He then subsequently filed his first amended complaint on July 9, 2025.  ECF No. 22.  On April 27, 2025, Plaintiff moved for entry of default against the Defendant Travel Club and Olson. ECF No. 37-38. On March 19, 2026, default was entered against Defendant Travel Club and Defendant Olson. ECF No. 39.  Plaintiff now moves for default judgment under Rule 50(b)(2) of the Federal Rules of Civil Procedure.

## ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgement in a case following a defendant's default. It is well settled in this Circuit that the entry of a default judgement is left primarily to the discretion of the district court. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. *See, e.g.*, *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

### A.  The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendants. Further, Defendants were duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

#### i.    Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). As they arise from the same nucleus of operative fact,

the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law telemarketing claims. *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995).

### ii.    **Personal Jurisdiction**

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

As a preliminary matter, the court has *general* jurisdiction over Defendant DeSantis because he purposefully directed his calls to Arizona residents, including Plaintiff, to influence the outcome of an Arizona State election . The "paradigm all-purpose forum[] for general jurisdiction is a corporation's place of incorporation." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Accordingly, personal jurisdiction over this Defendant is without question.

### iii.    **Service of Process**

Under the Federal Rules of Civil Procedure, Defendants were properly served with process and therefore had the opportunity to respond, but did not. As evidenced by Return of Service filed February 8, 2026. ECF 34-35.

### iv.    **Personal Liability**

Defendants Olson were acting in their individually capacity by directing and authorizing the scripting and selecting of calls to be made, selecting, and orchestrating the calling strategy, including by choosing to use pre-recorded calls.   Admitting to hiring a vendor to make the phone calls *Id.* ¶ 53.

## B.  The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendants' opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider neither the

existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for their failure to respond to weigh against them.

i.    **Without Default, Plaintiff Will be Denied Relief**

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgement. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendants were made aware of their unlawful conduct when they were served and by virtue of pre-suit communications and a waiver of service, all of which went ignored. Nevertheless, Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

ii.    **Defendants have no Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendants did not respond, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendants have no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgement is the presence of a *prima facie* case for a meritorious defense). Since there

is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

### iii.    **Defendants are Culpable for their Conduct**

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id.* at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, at *75. (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendants' failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

### C.  The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $9,725, are both reasonable and fair given the circumstances and facts of the case.

### i.    **Legal Sufficiency**

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 20-56 (date, caller ID, called number, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449

(NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

In particular, Plaintiff has adequately and specifically stated claims for:

- *first,* three calls placed using an Automatic Telephone Dialing system to a number for which the called party is charged. 47 U.S.C. § 227(b)(1)(A)(iii). 47 U.S.C. § 227(b)(1)(A); Compl. ¶ 51;
- *second,* placing three telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2); Compl. ¶ 31, 33, 117;

First Claim: The elements of the first claim with respect to an ATDS are: (1) the defendant called a telephone number for which the called party is charged for the call; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803-04 (9th Cir. 2017); *see also* 47 U.S.C. § 227(b)(1)(A)(iii). "Prior express consent" under the TCPA must be "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

To allege that an automatic telephone dialing system was used, Plaintiff must plead that the system had the capacity "either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." *Facebook*, 141 S. Ct. at 1163 (2021). After *Facebook*, at least two district courts have evaluated ATDS allegations at the pleading staged based on plausible inferences which suggest that a random or sequential number generator was used to make the calls, such as use of random caller ID numbers, prerecorded messages, and failures to honor do-not-call requests. *See, e.g.*, *Montanez v. Future Vision Brain Bank, LLC*, No. 20-CV-02959-CMA-MEH, 2021 WL 1291182, at *7 (D. Colo. Apr. 7, 2021) (addressing similar allegations to Plaintiff's in the text message context); *McEwen v. NRA*, No. 2:20-cv-00153-LEW, 2021 WL 1414273, at *7 (D. Me. Apr. 14, 2021).

Plaintiff's Complaint pleads each element of the first part of this first claim:

(1) Defendants called a telephone number for which the called party is charged for the call, Compl. ¶ 19;

(2) using an automatic telephone dialing system, *id.* ¶¶ 54-59 because:

7

(3) without the recipient's prior express consent, *id.* ¶ 34.

Second Claim:  The elements of the second claim with respect to a Do-Not-Call Registry violation are: (1) the defendant called a telephone number; (2) that was registered on the National Do-Not-Call Registry for more than thirty-one days prior to the call; (3) to a private residential telephone number; (4) without an applicable exemption. *47 U.S.C. § 227(c)(3)(F); 47 C.F.R. § 64.1200(c)(2).*

The TCPA prohibits telephone solicitations to any residential telephone number that has been registered on the National Do-Not-Call Registry for more than thirty-one days, subject to certain exemptions. *See* 47 U.S.C. § 227(c)(3)(F). The FCC's implementing regulations specify that persons or entities making telephone solicitations must not call any telephone number that has been registered on the National Do-Not-Call Registry for more than thirty-one days, with limited exceptions for established business relationships and express written consent. *47 C.F.R. § 64.1200(c)(2).*

**Plaintiff's Complaint pleads each element of this second claim:**

(1) Defendants called a telephone number, Compl. ¶ 19;

(2) that was registered on the National Do-Not-Call Registry for more than thirty-one days prior to the call, *id.* ¶ 31;

(3) to Plaintiff's private residential telephone number, *id.* ¶ 22; and

(4) without an applicable exemption.

ii.    **Damages are Appropriate for Default Judgment**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham*

8

*v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000).

The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call). Plaintiff pleads that he received two calls. As outlined above, each calls violates one provision of section (b) [the prohibition against using an ATDS and the prohibition against using artificial or prerecorded voices], and entitles Plaintiff to an award of $500 for each violation.

The sum of statutory damages, therefore, totals $500. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). *A fortiori,* therefore, when there was no consent to begin with, and given requests to stop calling, as in this case, treble damages are appropriate to deter further illegal telemarketing. Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id.* at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

9

In addition, the Plaintiff paid the $405 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $150 in effectuating service of process after his waiver to Defendant Travel Club went unexecuted. Crews Dec. Therefore, Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $9,725.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $5,055, calculated as follows: three violation times $500 per violation, times treble damages, plus $405 in filing fees, plus $320 in service fees.

## CONCLUSION

Defendants decided to make call to Plaintiff utilizing a pre-recorded voice and ATDS (to a number listed on the National Do Not Call Registry, no less) without his consent. Defendants decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendants is appropriate. Plaintiff Jason Crews respectfully prays for an award of $9725, plus any other relief that the court deems just and proper.

Dated this March 31, 2026.

/s/*Jason Crews*

Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

**COPIES** of the foregoing were mailed via USPS to
Travel Club Enterprises, LLC
7141 E Main St
Scottsdale, AZ 85251-4315

AND

Alexandra Olson
4818 E Hearn Rd
Scottsdale, AZ 85254-2837

By: _____ /s/*Jason Crews*_____

  Jason Crews

11