**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-25-00024-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Travel Club Enterprises LLC, et al., | |
| Defendants. | |

Plaintiff Jason Crews seeks default judgment against defendants Travel Club Enterprises LLC ("TCE") and Alexandara Olson. Crews filed an amended complaint on July 9, 2025 (Doc. 22), and filed proofs of service on February 8, 2026 (Docs. 34, 35.) Defendants did not respond and their defaults were entered on March 23, 2026. (Doc. 39.) In his motion for default judgment, Crews seeks an award of $5,055. (Doc. 43.)

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate, but not in the amount that Crews seeks.

**1. Possibility of Prejudice**

The first factor regarding the prejudice to Crews weighs in favor of default judgment because if "default judgment is not granted, [Crews] will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of Crews's claims and the sufficiency of his complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

The operative complaint alleges TCE "is in the business of selling travel club memberships to the public." (Doc. 22 at 2.) Olson is the "owner and manager of TCE." (Doc. 22 at 2.) As of July 2024, Crews had "no prior business relationship with Defendants." (Doc. 22 at 6.) On July 26, 2024, Crews received a call on his cell phone inviting him to an open house at TCE's "newest Travel Reservation Center." (Doc. 22 at 7.) That call was placed using an Automated Telephone Dialing System ("ATDS"). (Doc. 22 at 6.) Crews did not consent to receiving that call, his number is not associated with any business, and his number had been placed on the Do-Not-Call Registry more than 31 days before the first call. (Doc. 22 at 2, 6.)

Crews received two additional calls from TCE, one on November 6, 2024, and the other on January 6, 2025. (Doc. 22 at 8.) Olson "directed and authorized the illegal calls" at issue (Doc. 22 at 2), and she was "intimately involved in all decision-making and legal activities of [TCE]" such that she either had "ultimate control over every aspect of [TCE's] wrongful conduct . . . and/or directly controlled and authorized this conduct" (Doc. 22 at 11).

Based on these facts, Crews asserts two claims under the Telephone Consumer Protection Act. (Doc. 22 at 17-18.) The first claim is that TCE and Olson placed calls to

his cellular phone using an ATDS system. The second claim is that TCE and Olson placed telemarketing calls to his number that was on the Do-Not-Call Registry.

The elements necessary for Crews's first claim involving use of an ATDS are "(1) the defendant called a cellular telephone number; (2) using an [ATDS]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The complaint contains sufficient allegations establishing these elements. Accepting those allegations as true, Crews has stated a claim for relief based on use of an ATDS.

The elements necessary for Crews's second claim are "(1) for each call, plaintiff received more than one other telephone call within any 12-month period; (2) the calls were made by or on behalf of the same entity; and (3) the calls were made in violation of the regulations prescribed under [42 U.S.C.] § 227(c)." *Aussieker v. TSHB, LLC*, No. 2:22-CV-01886-DAD-CKD (PS), 2024 WL 379394, at *3 (E.D. Cal. Feb. 1, 2024), *report and recommendation adopted*, No. 222CV01886DADCKDPS, 2024 WL 870449 (E.D. Cal. Feb. 29, 2024). To satisfy the third element, Crews argues the applicable regulations prohibit calls to any "number that has been registered on the National Do-Not-Call Registry for more than thirty-one days, with limited exceptions for established business relationships and express written consent." (Doc. 30 at 8.)

The complaint alleges Crews received three calls in less than a 12-month period, all the calls were made by defendants, and the calls were placed after Crews's number had been on the Do-Not-Call Registry for more than 31 days. Accepting those factual allegations as true, Crews has stated a claim for relief based on a Do-Not-Call list violation.

The factors regarding the sufficiency of the complaint and the merits of Crews's claims support entry of default judgment.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Assuming Crews is actually seeking to recover $5,055, that amount represents a straightforward calculation of trebled statutory damages plus the filing fee and service costs. This amount is proportional to the harm and supports entry of default judgment. *Barton v. Real Innovation Inc.*, 792 F. Supp. 3d 1195, 1209 (W.D. Wash. 2025) (statutory damages under TCPA reflects a congressional "judgment[] about the harms of unwanted telemarketing calls to society and the appropriate measure of damages for those calls").

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. Defendants' decision to not participate means there is no indication of such disputes. This factor weighs in favor of default judgment.

**5. Excusable Neglect**

There is no evidence showing defendants' failure to respond to the complaint was due to excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted).

**7. Default Judgment is Merited**

Weighed together, the factors establish default judgment is appropriate.

**8. Damages**

It is Crews's burden to prove the amount of his damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Unfortunately, the motion for default judgment presents a variety of contradictory positions regarding damages and

the allegations supporting them. Crews's motion states he "received two calls" and claims "[t]he sum of statutory damages . . . totals $500." (Doc. 43 at 9.) Without supporting the figure, the conclusion of the motion seeks $9.725, as does the proposed order. (Docs. 43 at 10; 43-1 at 1.) To the extent the court can decipher Crews's actual positions, there are three calls at issue and he is seeking a total award of $5,055.

The TCPA allows a plaintiff to recover $500 per violation. 47 U.S.C. § 227(c)(5)(b) (allowing "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater"). That $500 "may be trebled if the defendant willfully or knowingly violated the [TCPA]." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (simplified). Based on the three calls, and alleging each call constituted a willful or knowing violation of the TCPA, Crews requests damages in the amount of $4,500 ($500 per call, trebled). Crews is entitled to the $500 per call but he has not adequately supported his request for treble damages.

"To determine whether to impose enhanced statutory damages, courts look to the nature of defendants' conduct, defendants' prior TCPA violations and whether non-trebled damages would sufficiently deter future TCPA violations." *Aussieker*, 2024 WL 379394, at *5. Crews has not provided any meaningful information to establish an entitlement to enhanced damages. Crews's allegations in this case are similar to those he made in other cases where the court refused to award treble damages. *See Crews v. Sun Sols. AZ LLC*, No. CV-23-01589-PHX-DWL, 2024 WL 2923709, at *7 (D. Ariz. June 10, 2024); *Crews v. Blackrock Debt Relief Corp.*, No. CV-25-00025-PHX-JAT, 2025 WL 2107627, at *4 (D. Ariz. July 28, 2025). Those courts noted Crews had "not put forth evidence that [Defendants have] previously violated the TCPA or that non-trebled damages are insufficient to deter future TCPA violations." Crews, 2024 WL 2923709, at *7; *Crews*, 2025 WL 2107627, at *4. That same analysis applies here, and Crews is not entitled to treble damages.

Crews's own damages calculations assumed a total of $500 dollars for each of the three calls, trebled. In other words, Crews did not request the court stack the statutory

damages for each call based on that call representing violations of separate statutory provisions. *See Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011) (allowing statutory damages under different legal theories "even if both violations occurred in the same telephone call"). Having determined treble damages are not appropriate, Crews is awarded $500 per call, for a total judgment of $1,500. Although Crews also requests an award of taxable costs in his motion, he should apply for taxable costs as contemplated by Local Rule 54.1

**IT IS ORDERED** the Motion for Default Judgment (Doc. 30) is **GRANTED**. The Clerk of Court shall enter judgment in favor of plaintiff and against defendants Travel Club Enterprise LLC and Alexandra Olson, jointly and severally, in the amount of $1,500.

Dated this 5th day of May, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 6 -